UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | 1:16-mc-00300-JCN |
| DAVID A. BRIGGS, JR., | ) ) ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON
MOTION TO ENFORCE IRS SUMMONS (ECF No. 5)**

The United States of America (Petitioner) filed its Petition to Enforce Internal Revenue Service Summons on November 18, 2016. The Court issued an order to show cause on November 21, 2016, directing that David A. Briggs, Jr. (Respondent) appear before the United States District Court for the District of Maine for hearing on January 4, 2017, to show cause why he should not be compelled to obey the summons.[1] Respondent failed to appear on January 4, and failed to file any response to the show cause order. The matter is before the Court on Petitioner's January 9, 2017, Motion for Report and Recommendation Enforcing IRS Summons. (ECF No. 5.)

Based on Petitioner's showing in support of its petition and Respondent's failure to appear and show cause why an order should not issue, I recommend[2] the Court grant Petitioner's motion and order Respondent to comply with the summons within seven days of the Court's order.

---

[1] This Court's jurisdiction is founded on 26 U.S.C. §§ 7402(b) and 7604. Respondent resides in Ellsworth, Maine.

[2] An order enforcing an IRS summons is a dispositive remedy requiring de novo review by an Article III judge. *United States v. Corriveau*, No. 2:09-mc-127-GZS, 2009 WL 3049791, at *3 n.2 (D. Me. July 30, 2009) (Rich, Mag. J., recommended decision, adopted Aug. 21, 2009). *See also United States v. Bell*, 57 F. Supp. 2d 898, 900 (N.D. Cal. 1999).

**Background**

The petition is supported by the Declaration of Revenue Officer Susan M. Formanski (ECF No. 1-2), who declares under penalty of perjury that the summoned books, papers, records or other data are not already in Petitioner's possession, that all necessary administrative steps including service of the summons have been taken, and that the summoned materials and Respondent's testimony are necessary to complete a collection information statement regarding Respondent's federal tax liability. Based on this unrebutted showing, I ordered Respondent to appear on January 4, 2017. On December 15, 2016, Petitioner filed a certificate of service (ECF No. 3) demonstrating that the show cause order was served on Respondent. On January 4, 2017, I convened the scheduled hearing on the order to show cause. Respondent did not attend.

**Discussion**

In order to obtain enforcement related to the administrative summons, Petitioner must demonstrate:

> That the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*United States v. Powell,* 379 U.S. 48, 57 – 58 (1964). *See also Copp v. United States*, 968 F.2d 1435, 1437 (1st Cir. 1992). As part of establishing a legitimate purpose, Petitioner must also demonstrate that no criminal investigation is pending. *Copp*, 968 F.2d at 1436 – 1437; 26 U.S.C. § 7602(d).

Based on the representations set forth in Revenue Officer Formanski's declaration, Petitioner has satisfied its prima facie burden. Because Petitioner satisfied its preliminary burden, Respondent was ordered to show cause why he should not be required to comply with the

summons. By failing to appear or respond to the show cause order in any manner, Respondent has failed to demonstrate any basis to question the propriety of the summons, or to otherwise resist the summons. Given his failure to respond, Respondent has failed to satisfy his burden on the order to show cause and thus must comply with the summons.

**Conclusion**

Based on Petitioner's showing in support of its petition and Respondent's failure to carry his burden on the order to show cause, I recommend the Court (1) find that Petitioner has complied with all statutory requirements necessary to support the administrative summons and that Respondent has unjustifiably failed to comply with the same, (2) grant the Petition to Enforce (ECF No. 1), (3) order Respondent, with respect to the relevant summons tax periods, to produce the requested documents (i.e., the documents described in the summons) to the Internal Revenue Service, Revenue Officer Susan M. Formanski, or any other officer of the Internal Revenue Service at the office of the Internal Revenue Service, Edmund Muskie Federal Building, 68 Sewall Street, Room 311, Augusta, Maine, within seven days of the Court's order, and (4) caution Respondent that failure to comply with the Court's order within the deadline set in the Court's order could result in a finding that Respondent is in contempt of Court.[3]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

---

[3] Respondent could be subjected to arrest for purposes of a compulsory hearing pursuant to 26 U.S.C. § 7604(b). *Corriveau*, No. 2:09-MC-127, 2009 WL 3049791, at *2 (D. Me. July 30, 2009). However, at this time Petitioner has simply requested an order directing Respondent to comply with the summons.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of January, 2017.